**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13728

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RICHARD ISRAEL LAZARO,

*Defendant- Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:25-cr-80072-AMC-3

————————————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Richard Lazaro appeals his sentence of 20-months imprison-
ment for illegally reentering the United States after he was re-
moved from the country following a felony conviction, in violation

of 8 U.S.C. §§ 1326(a) and (b)(1).  Lazaro challenges his sentence as procedurally and substantively unreasonable.  First, he contends that the district court erred procedurally by speculating that the purpose of his reentry could have been to traffic drugs.  Second, he argues that his sentence was substantively unreasonable because the court insufficiently considered his proffered purpose for reentering the United States—seeing his ailing mother.  After careful consideration, we **AFFIRM**.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence is procedurally reasonable if the district court didn't commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id*.

Lazaro argues that the district court's speculation about his purpose of reentry led it to "select[] a sentence based on clearly erroneous facts."  Br. of Appellant at 9 (citing *Gall*, 552 U.S. at 51).  We disagree.  At his sentencing hearing, the district court questioned whether Lazaro's purpose for reentry could clearly be discerned as visiting his mother.  In so doing, the court briefly considered that "it might also be very true that he was here to reengage in . . . criminal activity."  Sent'g Tr. at 10, Dkt. No. 123.  Because there was no clear evidence that he reentered for a particular pur-

pose, the court concluded that the purpose of his reentry was "perhaps a wash." *Id.* The court then stated, "Whatever [his] purpose might have been, it was nevertheless, a breach of this country's immigration's laws" to reenter without authorization, and it sentenced him to 20-months imprisonment and 3-years supervised release. *Id.* at 13–14. Thus, the court expressly declined to rely on its speculation of his purpose, instead imposing his sentence based on his conduct—"breach[ing] . . . this country's immigration laws." *Id.* at 13.

Because Lazaro's sentence is procedurally sound, we will now assess whether it's substantively reasonable. *See Gall*, 552 U.S. at 51. "In making this determination, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the sentence." *United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311 (11th Cir. 2011). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *Id.* (citation modified).

"A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (opinion of Carnes, C.J.) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). The § 3553(a)

factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense." 18 U.S.C. § 3553(a). "District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Rosales-Bruno*, 789 F.3d at 1261.

Substantively unreasonable sentences are "rare." *Id.* at 1256 (citation modified). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (citation modified). Further, a "sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *Id.* We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation modified).

The maximum sentence for reentry following removal subsequent to a felony conviction is 10 years. 8 U.S.C. § 1326(b)(1). And the recommended Guideline range for Lazaro, based on his offense level and criminal history, was 15–21 months. Lazaro's sentence of 20 months imprisonment and 3 years supervised release thus falls well short of the statutory maximum and sits squarely in the Guideline range.

In imposing his sentence, the district court was concerned that Lazaro reentered the United States without authorization in a smuggling operation less than a year after being released for possessing 3.5 kilograms of fentanyl—"a very substantial amount" "of an extremely deadly substance, a very tiny portion of which can be deadly in and of itself." Sent'g Tr. at 13, Dkt. No. 123. This clearly reflects consideration of the § 3553(a) factors, including the nature and circumstances of his offense (the method in which he reentered the United States, and how recently he was removed) and Lazaro's criminal history (felony conviction for possessing fentanyl).

Lazaro contends that the district court failed to properly consider the purpose of his reentry as part of his "history, characteristics or circumstances" under the § 3553(a) factors. But the court *did* consider his proffered purpose—it simply discounted it as a "wash" because of its indeterminacy. Sent'g Tr. at 10, Dkt. No. 123. This it had the discretion to do; the amount of weight given to the purpose of his reentry is, as with any given § 3553(a) factor, "committed to the sound discretion of the district court." *Martinez-Gonzalez*, 663 F.3d at 1311.

We therefore conclude that the district court didn't abuse its discretion in imposing Lazaro's sentence, and we hold that his sentence is procedurally and substantively reasonable.

**AFFIRMED.**